# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1705

_____

United States of America,           *
                                       *

           Appellee,          *
                                         *    Appeal from the United States
      v.                         *    District Court for the
                                         *    Eastern District of Arkansas.
Benjamin Davis,               *
                                       *        [UNPUBLISHED]
           Appellant.        *

_____

Submitted: December 5, 2007
Filed: December 11, 2007

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

      Benjamin Davis appeals the 262-month sentence the district court[1] imposed after he pleaded guilty to distributing more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). In a brief filed under Anders v. California, 386 U.S. 738 (1967), Davis's counsel seeks to withdraw and questions whether the district court improperly counted Davis's 1988 conviction in determining his career-offender status under U.S.S.G. § 4B1.1, and whether the sentence is unreasonable. Davis has filed a supplemental brief also challenging the use of his 1988 conviction.

_____

[1]The Honorable William R. Wilson, United States District Judge for the Eastern District of Arkansas.

Upon careful review of the entire record, including counsel's concession at the sentencing hearing that the 1988 conviction appeared to be valid, we conclude that the district court did not plainly err in using the conviction to determine Davis's career-offender status.  See United States v Pirani, 406 F.3d 543, 550 (8th Cir. 2003) (en banc) (to preserve error for appellate review, objection must be timely and clearly state grounds for objection; errors not properly preserved are reviewed for plain error); cf. United States v. Chauncey, 420 F.3d 864, 878 (8th Cir. 2005) (failure to object to fact of conviction is considered admission of conviction for purposes of determining career-offender status).

We further conclude that Davis's sentence--at the bottom of the applicable Guidelines range--is not unreasonable.  We see no indication in the record that the district court based the sentence on an improper or irrelevant factor, failed to consider a relevant factor, or made a clear error of judgment in weighing appropriate factors. See Rita v. United States, 127 S. Ct. 2456, 2467-68 (2007) (allowing appellate presumption of reasonableness for sentences within Guidelines range); United States v. Booker, 543 U.S. 220, 261 (2005) (appellate courts review sentences for unreasonableness using § 3553(a) as guide); United States v. Harris, 493 F.3d 928, 932 (8th Cir. 2007) (sentence within advisory Guidelines range is presumptively reasonable); United States v. Haack, 403 F.3d 997, 1003-04 (8th Cir. 2005) (addressing how sentencing court may abuse its discretion).  After reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues.

Accordingly, we grant counsel leave to withdraw, and we affirm.

_____